MADDOX, Justice.
There is but one question presented on this appeal: Does a successor circuit judge have the power to enter a judgment in a case when her predecessor judge had heard *20 the testimony without a jury, had told the parties what his judgment on the case would be, and had directed that an order be presented to him for signing, but the order was not presented to him before he retired as a circuit judge?
The case involved a partition of land in Greensboro, Alabama. The property was owned by the eight children of Eddie and Emma Weaver, both deceased. The eight children owned the land as tenants in common. Seven of the children filed a complaint against the eighth, Anderson Weaver, and against his wife, alleging that the property could not be equitably partitioned and requesting a sale. Anderson Weaver resided on a portion of this property.
The Honorable Edgar Russell, circuit judge, heard the evidence; on January 29, 1984, he indicated what his ruling would be, and he instructed plaintiffs’ counsel to prepare a proposed judgment to be signed by the court. The parties agreed at the hearing that Anderson Weaver would be given as his one-eighth interest the land that he currently lived on (the old home-place). Judge Russell’s request was embodied in a stipulation filed on January 10, 1985, almost one year later; the stipulation was signed by the attorneys for all the parties. The stipulation also had attached to it a proposed judgment, which was represented as being consistent with the findings and relief stated orally by the trial court at the conclusion of the trial. Judge Russell retired before receiving the proposed judgment. The new judge, the Honorable Anne Farrell McKelvey Wright, signed the order on January 19, 1985.
Anderson Weaver timely filed a motion for a new trial, which was not ruled on, and, under Rule 59.1, Ala.R.Civ.P., was deemed denied after 90 days. No appeal was taken. Anderson Weaver then filed a Rule 60(b) motion for relief from judgment, which was also denied. He appeals to this Court from the judgment denying the Rule 60(b) relief.
Anderson Weaver contends that a successor judge cannot enter a judgment in a case based on evidence of record heard by a predecessor judge. He also argues that the stipulation entered into in this case by the parties is no longer valid and that Judge Wright had no power to sign the judgment based on this stipulation.
The stipulation, which was signed by all attorneys involved in the case heard by Judge Russell, stated:
“Come the plaintiffs, by their attorney of record, Henry Sanders and defendant Anderson Weaver, by his attorney of record, Richard H. Poellnitz and James Barnes as guardian ad litem for the unknown parties and stipulate as follows:
“1. That the above styled case was tried ore tenus on January 23, 1984 before the Honorable Edgar Russell.
“2. That at the conclusion of the trial, Judge Edgar Russell made [findings of fact] and ordered relief in open Court.
“3. That Judge Russell requested that plaintiffs’ attorney prepare a proposed judgment to be executed by the Court.
“4. That the attached copy of the proposed judgment is consistent with the findings and relief granted orally by the Court at the conclusion of the trial.”[1]
The stipulation was attached to the order that Judge Wright signed, which states, in part:
“This action coming on to be heard and it appearing to the Court that all parties are properly before the Court in person or by their attorney, and each has been properly served or notified. Said cause is submitted for decree on the complaint, the answer of defendant Anderson Weaver, the default against Margaret Weaver, the testimonies in open Court, all exhibits, all stipulations of the parties and the entire record in said cause; and
“It appearing to the Court and the Court does find:
*21 “1. That Eddie Weaver and Emma Weaver, both deceased, were the original owners of the following described real estate:
“[Description omitted.]
“2. That the heirs of Emma Weaver and Eddie Weaver are Juanita Weaver Nabors, Robert L. Weaver, Anderson Weaver, Emma Weaver, Charles Weaver, Mattie Weaver Rollins, Dossie Weaver and Ester Weaver Grace.
“3. That the parties hereto are the owners or tenants in common of the said real estate situated in Hale County, Alabama.
“4. That all the parties hereto are of legal age and of sound mind.
“5. That the Honorable Jim Barnes was duly appointed guardian ad litem to represent all unknown heirs of Eddie Weaver and Emma Weaver, both deceased, and any unknown claimants of interest, title or right in the aforede-scribed lands and who filed his answer and was present at the hearing in open Court.
“6. That the allegations contained in the complaints are true and correct.
“7. That the above described real estate can be equitably divided in kind among said joint owners and tenants in common without a sale for division.
“8. That the parties own said property in the following interests:
NAME INTEREST
Juanita Weaver Nabors Vs
Robert L. Weaver Vs
Anderson Weaver ⅛
Emma Weaver Vs
Charles Weaver ⅛
Mattie Weaver Rollins Vs
Dossie Weaver Vs
Ester Weaver Grace Vs
“9. That Margaret Weaver does not own any interest in said property.
“10. That Anderson Weaver resides in the home house and the parties present in Court have stipulated that he may have the parcel which includes the home house.
U * * *
“It is therefore ORDERED, CONSIDERED, ADJUDGED and DECREED as follows:
“1. That the heirs of Eddie Weaver and Emma Weaver, both deceased, are the owners of the following described real estate situated in Hale County, Alabama:
ti * * *
“2. That said heirs are Juanita Weaver Nabors, Robert L. Weaver, Anderson Weaver, Emma Weaver, Charles Weaver, Mattie Weaver Rollins, Dossie Weaver and Ester Weaver Grace and each owns a one-eighth (⅛) undivided interest in said property.
“3. “That the said property can be equitably divided in kind among the joint owners without a sale for division.
“4. That the following described tracts, more particularly described in the survey and description “Exhibit A” which is attached hereto and incorporated by reference are awarded in fee simple as follows:
it * * *
“c) Tract 3 to Anderson Weaver it * * *
“5. That the Circuit Clerk of Hale [County] is hereby ordered and directed to execute Clerk’s Deeds to each of the persons with their respective tracts as described in the immediately preceding paragraph four (4).
[[Image here]]
“11. That the partition ... of the above said property is hereby confirmed in all respects.
“12. That the Hale County Circuit Clerk record this decree in the Probate Office of Hale County, Alabama.”
The record shows that Judge Russell ordered the plaintiffs’ counsel to prepare a proposed judgment, and it also shows that the parties agreed to stipulate that Anderson Weaver was to receive the property he was living on and that the attorneys for all parties signed the stipulation. Anderson Weaver, under the judgment entered, received as his one-eighth share the property he was living on.
*22 In summary, we are of the opinion that Judge Wright had the authority to sign the judgment based upon the stipulation entered into and agreed to by the parties, it appearing that the parties stipulated that the proposed judgment represented the findings of fact and conclusions of law reached by Judge Russell during the trial of the case.
The trial judge did not err in denying Anderson Weaver’s Rule 60(b) motion for relief from judgment; the judgment of the trial court therefore, is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.

. Although the parties referred to "relief granted orally," we note that Rule 58(c), Ala.R.Civ.P., contemplates that a judgment or order be in writing and be signed by the judge. We do not understand the parties to be contending that Judge Russell's oral comments could in fact serve as the grant of "relief.”